**BENDAU & BENDAU PLLC**
Clifford P. Bendau, II (030204)
Christopher J. Bendau (032981)
P.O. Box 97066
Phoenix, Arizona 85060
Telephone: (480) 382-5176
Fax: (480) 304-3805
Email: clifordbendau@bendaulaw.com
        chris@bendaulaw.com
*Attorneys for Plaintiffs*

### UNITED STATES DISTRICT COURT

### DISTRICT OF ARIZONA

| | |
|---|---|
| **Nicole Wasilishin** and **Felicia Hunt**, individually, and on behalf of all others similarly situated,<br><br>                    Plaintiffs,<br><br>v.<br><br>**We Begg to Differ LLC**, an Arizona Limited Liability Company, **We Begg to Differ DC Ranch LLC**, an Arizona Limited Liability Company, **We Begg to Differ Mercado LLC**, an Arizona Limited Liability Company, **We Begg to Differ Watermark LLC**, an Arizona Limited Liability Company, and **Prokopios Verros and Jane Doe Verros**, a married couple,<br><br>                    Defendants. | No.<br><br>**FLSA COLLECTIVE ACTION COMPLAINT**<br><br>**(Demand for Jury Trial)** |

        Plaintiffs, Nicole Wasilishin ("Plaintiff Wasilishin") and Felicia Hunt ("Plaintiff Hunt") (collectively, "Plaintiffs"), individually, and on behalf of all other persons similarly situated, allege as follows:

### **PRELIMINARY STATEMENT**

        1.        Plaintiffs bring this action on behalf of themselves and all similarly-situated current and former servers and bartenders of Defendants who were compensated at a rate

of less than the applicable Arizona and federal minimum wage on account of receiving tips in a given workweek.

2.     Plaintiffs, individually, and on behalf of all others similarly-situated, bring this action against Defendants[1] for their unlawful failure to pay minimum wage in violation of the Fair Labor Standards Act, 29 U.S.C. § 201-219 (the "FLSA").

3.     Plaintiffs bring a collective action under the FLSA to recover the unpaid minimum wages owed to them individually and on behalf of all other similarly-situated employees, current and former, of Defendants.  Such similarly-situated employees, current and former, are referred to as the "Collective Members."

4.     The Collective Members are all current and former servers and bartenders who were employed by Defendants at any time starting three years before this Complaint was filed, up to the present.

5.     This is an action for unpaid wages, liquidated damages, interest, attorneys' fees, and costs under the FLSA and Arizona wage law.

6.     The FLSA was enacted "to protect all covered workers from substandard wages and oppressive working hours." Under the FLSA, employers must pay all non-exempt employees a minimum wage of pay for all time spent working during their regular 40 hour workweeks.  The FLSA's definition of the term "wage," in turn, recognizes that under certain circumstances, an employer of tipped employees may credit

---

[1]     All Defendants to this action are collectively referred to as either "Eggstasy" or "Defendants" unless specified otherwise.

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

a portion of its employees' tips against its minimum wage obligation, a practice commonly referred to as taking a "tip credit."

7.     Under 29 U.S.C. § 203(m) and its supporting regulations, employers must allow their tipped employees to retain all tips earned, except to the extent that they require the tipped employees to participate in a valid tip pooling arrangement.  A valid tip pooling arrangement includes only employees who customarily and regularly receive tips.

8.     The Arizona Minimum Wage Act, A.R.S. § 23-363, establishes a minimum wage within the State of Arizona.  A.R.S. § 23-363 recognizes that, under certain circumstances, employers may impose a maximum tip credit on the wages of their tipped employees of $3.00 per hour.

9.     The FLSA, in turn, requires that employers comply with any State law that establishes a higher minimum wage than that established by the FLSA.  *See* 29 U.S.C. § 218(a).  Therefore, federal law requires that all Arizona employers comply with the minimum wage standards set forth by the Arizona Wage Act and limits the maximum allowable tip credit to $3.00 per hour.  *See Hanke v. Vinot Pinot Dining LLC*, Case No. 2:15-cv-01873-SMM, Dkt. 51, at 4:6-11 (D. Ariz. March 21, 2018) ("both the FLSA and AWA allow Arizona employers to take a maximum tip credit of $3.00 against their minimum wage obligations to "tipped" employees"); *see also Montijo v. Romulus, Inc.*, 2015 WL 1470128, at *5 n. 4 (D. Ariz. March 30, 2015) (same).

10.     For example, the Arizona minimum wage in 2016 was $8.05. If an employer of tipped employees has satisfied its tip credit obligations, it may impose a tip

-3-

credit on that overtime rate of up $3.00 per hour, for a total minimum hourly rate of $5.05.

11.     Pursuant to the FLSA, 29 U.S.C. § 203(m), and Arizona wage and hour law, employers may impose a tip credit on their tipped employees' wages, on the condition that, among other requirements, such employees have been informed by the employer of the provisions of 29 U.S.C. § 203(m).

12.     The Defendants paid Plaintiffs and the Collective Members a sub-minimum wage, ostensibly according to the tip-credit provisions of the FLSA, which allow an employer to pay an hourly wage less than the statutory minimum wage, provided that the employer complies with the requirements of the tip-credit provisions of 29 U.S.C. § 203(m).  However, the Defendants did not comply with the requirements of the tip-credit provisions and thus cannot avail themselves of the tip-credit provisions of the FLSA.

13.     For all hours for which Plaintiffs and the Collective Members were paid by the Defendants, their rate of pay rate was the sub-minimum tip credit wage.

14.     Defendants failed to inform Plaintiffs and the Collective Members of the provisions of 29 U.S.C. § 203(m) at any time during the duration of their employment with Defendants.  As such, the Defendants were not entitled to impose any tip credit upon Plaintiffs' and the Collective Members' wages, and the Defendants should have therefore paid the full Arizona minimum wage to Plaintiffs and the Collective Members for all time they worked during the course of their regular 40-hour workweeks.

15.     Defendants also engaged in the regular policy and practice of deducting wages from each of their tipped employees'–including Plaintiffs' and the Collective

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

-4-

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

Members'–paychecks allegedly to cover the cost of optional employee food and drink allowances. Nonetheless, Defendants still charged their tipped employees–including Plaintiffs and the Collective Members–for all food and drink they consumed during their employment with Defendants. Such conduct by Defendants brought necessarily brought Defendants' tipped employees'–including Plaintiffs' and the Collective Members'–wages below the applicable minimum wage, in violation of 29 U.S.C. § 203(m).

16.     Defendants also engaged in the regular policy and practice of requiring Plaintiffs and the Collective Members to attend weekly, unpaid server meetings. Such conduct by Defendants brought necessarily brought Defendants' tipped employees'– including Plaintiffs' and the Collective Members'–wages below the applicable minimum wage, in violation of 29 U.S.C. § 206(a).

17.     Therefore, Defendants did not pay Plaintiffs or the Collective Members the applicable federal or Arizona minimum wage, in violation of 29 U.S.C. § 206 and A.R.S. § 23-363, and were precluded from exercising a tip credit against Plaintiffs' and Collective Members' wages.

## JURISDICTION AND VENUE

18.     Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

19.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201, *et seq*. because this action arises under the Constitution and laws of the United States.

20.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and (c) because acts giving rise to the claims of Plaintiffs and the Collective Members occurred within the District of Arizona, and Defendants regularly conduct business in and have engaged in the wrongful conduct alleged in the Complaint – and, thus, are subject to personal jurisdiction in – this judicial district.

## PARTIES

21.     Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

22.     At all times material to the matters alleged in this Complaint, Plaintiff Wasilishin was an individual residing in Maricopa County, Arizona, and is a former employee of Defendants.

23.     At all material times, Plaintiff Wasilishin was a full-time, non-exempt employee of Defendants who worked at Defendants' Shea Boulevard location, located at 6990 East Shea Boulevard, Scottsdale, Arizona 85254; Defendants' Via Linda location, located at 10155 East Via Linda Road, Scottsdale, Arizona 85258; and Defendants' DC Ranch location, located at 20755 North Pima Road, Scottsdale, AZ 85255, from approximately January 2017 through approximately February 2018.  Specifically, Plaintiff Wasilishin worked for Defendants as a server from approximately January 2017 through approximately January 2018.

24.     At all times material to the matters alleged in this Complaint, Plaintiff Hunt was an individual residing in Maricopa County, Arizona, and is a former employee of Defendants.

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

25.     At all material times, Plaintiff Hunt was a full-time, non-exempt employee of Defendants who worked at Defendants' Defendants' Shea Boulevard location, located at 6990 East Shea Boulevard, Scottsdale, Arizona 85254 from approximately December 2016 through approximately July 2017.

26.     At all material times, Plaintiffs were employed by Defendants and paid as tipped employees.  Defendants employed Plaintiffs to perform various tipped and non-tipped duties, including, but not limited to, serving drinks and food to customers, tending the bar, cleaning, busing tables, and other side work required of him by Defendants.

27.     At all material times, Plaintiffs were employees of Defendants as defined by the FLSA, 29 U.S.C. § 203(e)(1) and were non-exempt employees under 29 U.S.C. § 213(a)(1).

28.     Plaintiffs have given their written consent to be party Plaintiffs in this action pursuant to 29 U.S.C. § 216(b), a true and accurate copy of which is attached to this Complaint as "**Exhibit A**."

29.     Plaintiffs bring this action on behalf of themselves and on behalf of all other persons similarly situated who are current or former tipped employees of Defendants, including but not limited to servers and bartenders who agree in writing to join this action seeking recovery under the FLSA.

30.     Plaintiffs bring this action on behalf of themselves and on behalf of all other similarly situated current and former employees of Defendants–specifically, servers and bartenders whose hourly wages were subject to a tip credit and whose wages, therefore, were less than the applicable statutory minimum wage.

31.     Defendant We Begg to Differ LLC is an Arizona limited liability company, authorized to do business in the State of Arizona and was at all relevant times Plaintiffs' and the Collective Members' Employer as defined by 29 U.S.C. § 203(d).

32.     Defendant We Begg to Differ LLC does business as "Eggstasy."

33.     Under the FLSA, Defendant We Begg to Differ LLC is an employer.  The FLSA defines "employer" as any individual who acts directly or indirectly in the interest of an employer in relation to an employee.  Defendant We Begg to Differ LLC is the owner of Eggstasy.  At all relevant times, Defendant We Begg to Differ LLC had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiffs' and the Collective Members' employment with Eggstasy.  Having acted in the interest of Eggstasy in relation to the company's employees, including Plaintiffs and the Collective Members, We Begg to Differ LLC is subject to liability under the FLSA.

34.     Defendant We Begg to Differ DC Ranch LLC is an Arizona limited liability company, authorized to do business in the State of Arizona and was at all relevant times Plaintiffs' and the Collective Members' Employer as defined by 29 U.S.C. § 203(d).

35.     Defendant We Begg to Differ DC Ranch LLC does business as "Eggstasy."

36.     Under the FLSA, Defendant We Begg to Differ DC Ranch LLC is an employer.  The FLSA defines "employer" as any individual who acts directly or indirectly in the interest of an employer in relation to an employee.  Defendant We Begg

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

to Differ DC Ranch LLC is the owner of Eggstasy.  At all relevant times, Defendant We Begg to Differ DC Ranch LLC had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiffs' and the Collective Members' employment with Eggstasy.  Having acted in the interest of Eggstasy in relation to the company's employees, including Plaintiffs and the Collective Members, We Begg to Differ DC Ranch LLC is subject to liability under the FLSA.

37.     Defendant We Begg to Differ Mercado LLC is an Arizona limited liability company, authorized to do business in the State of Arizona and was at all relevant times Plaintiffs' and the Collective Members' Employer as defined by 29 U.S.C. § 203(d).

38.     Defendant We Begg to Differ Mercado LLC does business as "Eggstasy."

39.     Under the FLSA, Defendant We Begg to Differ Mercado LLC is an employer.  The FLSA defines "employer" as any individual who acts directly or indirectly in the interest of an employer in relation to an employee.  Defendant We Begg to Differ Mercado LLC is the owner of Eggstasy.  At all relevant times, Defendant We Begg to Differ Mercado LLC had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiffs' and the Collective Members' employment with Eggstasy.  Having acted in the interest of Eggstasy in relation to the company's employees, including Plaintiffs and the Collective Members, We Begg to Differ Mercado LLC is subject to liability under the FLSA.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

40.     Defendant We Begg to Differ Watermark LLC is an Arizona limited liability company, authorized to do business in the State of Arizona and was at all relevant times Plaintiffs' and the Collective Members' Employer as defined by 29 U.S.C. § 203(d).

41.     Defendant We Begg to Differ Watermark LLC does business as "Eggstasy."

42.     Under the FLSA, Defendant We Begg to Differ Watermark LLC is an employer.  The FLSA defines "employer" as any individual who acts directly or indirectly in the interest of an employer in relation to an employee.  Defendant We Begg to Differ Watermark LLC is the owner of Eggstasy.  At all relevant times, Defendant We Begg to Differ Watermark LLC had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiffs' and the Collective Members' employment with Eggstasy.  Having acted in the interest of Eggstasy in relation to the company's employees, including Plaintiffs and the Collective Members, We Begg to Differ Watermark LLC is subject to liability under the FLSA.

43.     Defendant Prokopios Verros and Jane Doe Verros are, upon information and belief, husband and wife.  They have caused events to take place giving rise to the claims in this Complaint as to which their marital community is fully liable.  Prokopios Verros is an owner of Eggstasy and was at all relevant times Plaintiffs' and the Collective Members' employer as defined by the FLSA, 29 U.S.C. § 203(d).  Jane Doe Verros is an owner of Eggstasy.

-10-

44.     Under the FLSA, Defendants Prokopios Verros and Jane Doe Verros are employers.  The FLSA defines "employer" as any individual who acts directly or indirectly in the interest of an employer in relation to an employee.  Defendants Prokopios Verros and Jane Doe Verros are the owners of Eggstasy.  At all relevant times, they had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiffs' and the Collective Members' employment with Eggstasy.  As persons who acted in the interest of Eggstasy in relation to the company's employees, including Plaintiffs and the Collective Members, Prokopios Verros and Jane Doe Verros are subject to individual liability under the FLSA.

45.     Plaintiffs are further informed, believe, and therefore allege that each of the Defendants gave consent to, ratified, and authorized the acts of all other Defendants, as alleged in this Complaint.

46.     Defendants, and each of them, are sued in both their individual and corporate capacities.

47.     Defendants are jointly and severally liable for the injuries and damages sustained by Plaintiffs and the Collective Members.

48.     At all relevant times, Plaintiffs and the Collective Members were "employees" of Defendants as defined by the FLSA, 29 U.S.C. § 201, *et seq*.

49.     The provisions set forth in the FLSA, 29 U.S.C. § 201, *et seq.*, apply to Defendants.

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

50.    At all relevant times, Defendants were and continue to be "employers" as defined by FLSA, 29 U.S.C. § 201, *et seq*.

51.    Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiffs' and the Collective Members' work and wages at all relevant times.

52.    At all relevant times, Plaintiffs and the Collective Members in their work for Defendants, were engaged in commerce or the production of goods for commerce.

53.    At all relevant times, Plaintiffs and the Collective Members, in their work for Defendants, were employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000.

54.    At all relevant times, all Defendants were joint employers of Plaintiffs and the Collective Members.  At all relevant times: (1) Defendants were not completely disassociated with respect to the employment of Plaintiffs and the Collective Members; and (2) Defendants were under common control.  In any event, at all relevant times, Defendants were joint employers under the FLSA, 29 C.F.R. § 791.2(b), and *Chao v. A-One Med. Servs., Inc.*, 346 F.3d 908, 917-918 (9th Cir. 2003), and employed Plaintiffs and the Collective Members.

55.    Further, at all relevant times, Defendants have operated as a "single enterprise" within the meaning of the FLSA, 29 U.S.C. § 203(r)(1).  That is, Defendants perform related activities through unified operation and common control for a common business purpose.  *See Brennan v. Arnheim and Neely, Inc.*, 410 U.S. 512, 515 (1973); *Chao v. A-One Med. Servs., Inc.*, 346 F.3d 908, 914-15 (9th Cir. 2003).

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

56.     Defendants operate a chain of restaurants under the assumed name "Eggstasy."  They advertise themselves as such on their website.  The fact that they run each Eggstasy location identically and their customers can expect the same kind of customer service regardless of the location is a significant advertising point of Defendants.

57.     Defendants represent themselves to the general public as one restaurant company operating at multiple locations.  They share employees, have a common management, have a common ownership, have common use of the name "Eggstasy," pool their resources, operate from the same headquarters, share common statutory agents, and have the same operating name.  This is a family of restaurants that advertises together on the same website, provides the same array of products and services to its customers, and uses the same business model.  The Eggstasy family of restaurants exists under the control and direction of Defendants.  This family of restaurants provides the same service product to its customers by using a set formula when conducting its business.  Part of that set formula is the wage violations alleged in this Complaint.  These facts represent a classic example of "corporate fragmentation."

## FACTUAL ALLEGATIONS

58.     Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

59.     Defendants own and/or operate as Eggstasy, an enterprise located in Maricopa County, Arizona.

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

60.     Eggstasy is an enterprise that is a restaurant that serves food and drinks to customers.

61.     In approximately January 2017, Plaintiff Wasilishin began employment with Defendants as a server, performing various repetitive tasks such as serving drinks and food to customers, cleaning, busing tables, and other side work.

62.     In approximately December 2016, Plaintiff Hunt began employment with Defendants as a server, performing various repetitive tasks such as serving drinks and food to customers, cleaning, busing tables, and other side work.

63.     Rather than pay their tipped employees the applicable minimum wage, for the time Plaintiffs were paid as a tipped employee, Defendants imposed a tip credit upon Plaintiffs' wages at below the applicable minimum wage.

64.     Throughout the duration of their employment, Plaintiffs were paid a rate of the applicable Arizona minimum wage less a tip credit of approximately $3.00 per hour.

65.     As a result of Defendants' imposition of a tip credit, Plaintiffs were forced to perform work at an hourly rate that was less than the applicable minimum wage.

66.     Defendants failed to inform Plaintiffs and the Collective Members of the provisions of 29 U.S.C. § 203(m) at any time during the duration of their employment with Defendants.  As such, the Defendants were not entitled to impose any tip credit upon Plaintiffs' and the Collective Members' wages, and the Defendants should have therefore paid the full Arizona minimum wage to Plaintiffs and the Collective Members for all time they worked during the course of their regular 40-hour workweeks.

-14-

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

67.     Defendants also engaged in the regular policy and practice of deducting wages from each of their tipped employees'–including Plaintiffs' and the Collective Members'–paychecks allegedly to cover the cost of optional employee food and drink allowances.  Nonetheless, Defendants still charged their tipped employees–including Plaintiffs and the Collective Members–for all food and drink they consumed during their employment with Defendants.

68.     Defendants also engaged in the regular policy and practice of requiring Plaintiffs and the Collective Members to attend weekly, unpaid server meetings.

69.     Defendants' failure to provide tip credit notice to Plaintiffs and the Collective Members violated 29 U.S.C. § 203(m) such that Defendants were prohibited from exercising any tip credit whatsoever against Plaintiffs' and the Collective Members' wages at all material times, and the manner in which Defendants paid Plaintiffs and the Collective Members therefore violated 29 U.S.C. § 206(a).

70.     Therefore, in a given workweek, and during each and every workweek of Plaintiffs' employment with Defendants, Plaintiffs worked for Defendants and were not paid the applicable minimum wage under the FLSA 29, U.S.C. § 206(a).

71.     Defendants' policy and practice of deducting wages from each of their tipped employees'–including Plaintiffs' and the Collective Members'–paychecks allegedly to cover the cost of optional employee food and drink allowances brought Plaintiffs' and the Collective Members' wages below the applicable minimum wage and as such violated 29 U.S.C. § 206(a).

72.     Therefore, in a given workweek, and during each and every workweek of Plaintiffs' employment with Defendants, Plaintiffs worked for Defendants and were not paid the applicable minimum wage under the FLSA 29, U.S.C. § 206(a).

73.     Therefore, in a given workweek, and during each and every workweek of Plaintiffs' and the Collective Members' employment with Defendants, Plaintiffs and the Collective Members worked for Defendants and were not paid the applicable minimum wage under the FLSA 29, U.S.C. § 206(a).

74.     Plaintiffs and the Collective Members are covered employees within the meaning of the Fair Labor Standards Act ("FLSA").

75.     Defendants refused and/or failed to properly disclose to or apprise Plaintiffs and the Collective Members of their rights under the FLSA.

76.     Defendants wrongfully withheld wages from Plaintiffs and the Collective Members by failing to pay all wages due for hours Plaintiffs and the Collective Members.

77.     Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiffs' and the Collective Members' work and wages at all relevant times.

78.     Due to Defendants' illegal wage practices, Plaintiffs and the Collective Members are entitled to recover from Defendants compensation for unpaid minimum wages, an additional amount equal amount as liquidated damages, interest, and reasonable attorney's fees and costs of this action under 29 U.S.C. § 216(b).

## COLLECTIVE ACTION ALLEGATIONS

79.     Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

80.     Plaintiffs bring this action pursuant to 29 U.S.C. § 216(b) on their own behalves and as representatives of individuals similarly situated who are current or former servers and bartenders of Defendants.

81.     At all times material, Defendants paid Plaintiffs and the Collective Members at a rate of less than the full, applicable Arizona and federal minimum wage.

82.     Defendants subjected Plaintiffs and the Collective Members to their practice of failing to inform Plaintiffs and the Collective Members of the provisions of 29 U.S.C. § 203(m) at any time during the duration of their employment with Defendants.

83.     Defendants also subjected Plaintiffs and the Collective Members to their regular policy and practice of deducting wages from each of their tipped employees'– including Plaintiffs' and the Collective Members'–paychecks allegedly to cover the cost of optional employee food and drink allowances.

84.     Defendants also subjected Plaintiffs and the Collective Members to their regular policy and practice of requiring Plaintiffs and the Collective Members to attend weekly, unpaid server meetings every Sunday.

85.     At all times material, Plaintiffs and the Collective Members are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendants' decision, policy, plan, and common programs, practices, procedures, protocols, routines, and rules.

86.     Plaintiffs' claims stated in this complaint are essentially the same as those of the Collective Members.  This action is properly maintained as a collective action because in all pertinent aspects the employment relationship of individuals similarly situated to Plaintiffs is identical or substantially similar.

87.     Plaintiffs and the Collective Members were each compensated exclusively on an hourly basis for the duration of their employment with Defendants.

88.     The Collective Members perform or have performed the same or similar work as Plaintiffs.

89.     Defendants' failure to pay minimum wage compensation required by the FLSA results from generally applicable policies or practices, and does not depend on the personal circumstances of Plaintiffs or the Collective Members.

90.     While Plaintiffs and Defendants have described Plaintiffs' and the Collective Members' job titles as servers and bartenders, the specific job titles or precise job responsibilities of each Collective Member does not prevent collective treatment.

91.     All Collective Members, irrespective of their particular job requirements and job titles, are entitled to proper minimum wage compensation for all hours worked in a given workweek.

92.     Although the exact amount of damages may vary among the Collective Members, the damages for the Collective Members can be easily calculated by a simple formula.  The claims of all Collective Members arise from a common nucleus of facts.  Liability is based on a systematic course of wrongful conduct by the Defendants that caused harm to all of the Collective Members.

-18-

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

93.     As such, Plaintiffs bring their FLSA minimum wage claims as a collective

action on behalf of the following class:

> **The FLSA Collective Members are all of Defendants' current and former servers and bartenders who were paid an hourly rate of less than the applicable Arizona minimum wage on account of their receiving tips, starting <u>three years before this lawsuit was filed up to the present</u>.**

94.     Defendants' unlawful conduct, as described in this Collective Action

Complaint, is pursuant to Defendants' corporate policy or practice of minimizing labor

costs by refusing and/or failing to properly compensate its employees according to the

FLSA.

95.     Defendants are aware or should have been aware that federal law required

them to inform Plaintiffs and the Collective Members of the provisions of 29 U.S.C. §

203(m) before the beginning of their employment with Defendants.

96.     Defendants are aware or should have been aware that the FLSA prohibited

their regular policy and practice of deducting wages from each of their tipped

employees'–including Plaintiffs' and the Collective Members'–paychecks allegedly to

cover the cost of optional employee food and drink allowances.

97.     Defendants' unlawful conduct has been widespread, repeated, and

consistent.

98.     This action is properly brought and maintained as an opt-in collective

action pursuant to 29 U.S.C. § 216(b).

99.     Upon information and belief, the individuals similarly situated to Plaintiffs

include more than one hundred (100) employees currently and/or formerly employed by

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

Defendants, and Plaintiffs are unable to state the precise number of similarly-situated employees because that information is solely in Defendants' possession, custody, or control, but it can be readily ascertained from their employment records and the records of Defendants' payroll processor.

100.    Notice can be provided to the Collective Members by First Class Mail to the last address known to Defendants, via email at the last known email address known to Defendants, and by text message to the last known telephone number known to Defendants.

## **DAMAGES**

101.    Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

102.    Plaintiffs and the Collective Members are entitled to recover compensation for the hours they worked for which they were not paid at the federally mandated and Arizona mandated minimum wage rate–i.e., Plaintiffs and the Collective Members are entitled to the federally- and Arizona-mandated minimum wage rate, less hourly wages paid.

103.    Plaintiffs and the Collective Members are also entitled to an amount equal to all of their unpaid wages as liquidated damages. 29 U.S.C. § 216(b).

104.    Plaintiffs and the Collective Members are also entitled to recover their attorney's fees and costs as required by the FLSA. 29 U.S.C. § 216(b).

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

### COUNT ONE: FAIR LABOR STANDARDS ACT
### FAILURE TO PAY MINIMUM WAGE (NO TIP CREDIT NOTICE)

105.    Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

106.    The Defendants did not inform Plaintiffs or the Collective Members of the provisions of the "tip credit" in 29 U.S.C. § 203(m).

107.    As a result, the Defendants were not entitled to take a tip credit against Plaintiffs' and the Collective Members' minimum wages.

108.    The Defendants failed and/or refused to pay Plaintiffs and the Collective Members the full minimum wage according to the provisions of the FLSA for each and every workweek that Plaintiffs and the Collective Members worked for the Defendants, for the duration of their employment, in violation of 29 U.S.C. § 206(a).

109.    As such, full applicable minimum wage for such time Plaintiffs and the Collective Members worked is owed to Plaintiffs and the Collective Members for the entire time they were employed by the Defendants.

110.    Defendants knew that – or acted with reckless disregard as to whether – their failure to pay to Plaintiffs and the Collective Members the full minimum wage over the course of their employment would violate federal and state law, and Defendants were aware of the FLSA minimum wage requirements during Plaintiffs' and the Collective Members' employment.  As such, Defendants' conduct constitutes a willful violation of the FLSA.

111.    Plaintiffs and the Collective Members are therefore entitled to compensation for the full minimum wage at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorneys' fees, and costs.

WHEREFORE, Plaintiffs, Nicole Wasilishin and Felicia Hunt, individually, and on behalf of all other similarly situated persons, requests that this Court grant the following relief in Plaintiffs' and the Collective Members' favor, and against Defendants:

A.    For the Court to declare and find that the Defendants committed one or more of the following acts:

i.    violated minimum wage provisions of the FLSA, 29 U.S.C. § 206, by failing to pay proper minimum wages;

ii.    willfully violated minimum wage provisions of the FLSA, 29 U.S.C. § 206;

B.    For the Court to award compensatory damages, including liquidated damages pursuant to 29 U.S.C. § 216(b), in amounts to be determined at trial;

C.    For the Court to award prejudgment and post-judgment interest on any damages awarded;

D.    For the Court to award Plaintiffs' and the Collective Members' reasonable attorneys' fees and costs of the action pursuant to 29 U.S.C. § 216(b) and all other causes of action set forth in this Complaint;

E.     For the Court to provide reasonable incentive awards for each named Plaintiff to compensate them for the time they spent attempting to recover wages for the Collective Members and for the risks they took in doing so;

F.     Such other relief as this Court deems just and proper.

### COUNT TWO: FAIR LABOR STANDARDS ACT
### FAILURE TO PAY MINIMUM WAGE (IMPROPER DEDUCTIONS)

112.   Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

113.   Defendants also engaged in the regular policy and practice of deducting wages from each of their tipped employees'–including Plaintiffs' and the Collective Members'–paychecks each and every workweek.

114.   Such deductions were allegedly imposed to cover the cost of optional employee food and drink allowances.

115.   Such conduct by Defendants brought necessarily brought Defendants' tipped employees'–including Plaintiffs' and the Collective Members'–wages below the applicable minimum wage, in violation of 29 U.S.C. § 203(m).

116.   In a given workweek, Defendants failed to pay Plaintiffs and the Collective Members one and one-half times the applicable minimum wage rate of pay for all hours worked.

117.   As a result of Defendants' willful failure to pay Plaintiffs and the Collective Members the applicable minimum wage rate for all hours worked in a given workweek, Defendants violated 29 U.S.C. § 206.

118. As such, the full applicable minimum wage rate is owed for all hours that Plaintiffs and the Collective Members worked in a given workweek.

119. The Defendants failed and/or refused to pay Plaintiffs and the Collective Members the full minimum wage according to the provisions of the FLSA for each and every workweek that Plaintiffs and the Collective Members worked for the Defendants, for the duration of their employment, in violation of 29 U.S.C. § 206(a).

120. Defendants have and continue to willfully violate the FLSA by not paying Plaintiffs and the Collective Members a wage equal to the applicable minimum wage rate of pay for all time Plaintiffs and the Collective Members spent working for Defendants.

121. Defendants knew that – or acted with reckless disregard as to whether – their failure to pay to Plaintiffs and the Collective Members the full minimum wage over the course of their employment would violate federal and state law, and Defendants were aware of the FLSA minimum wage requirements during Plaintiffs' and the Collective Members' employment.  As such, Defendants' conduct constitutes a willful violation of the FLSA.

122. Plaintiffs and the Collective Members are therefore entitled to compensation for the difference between wages paid and the applicable minimum wage rate for all hours worked in a given workweek, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, costs, and reasonable attorney fees.

WHEREFORE, Plaintiffs, Nicole Wasilishin and Felicia Hunt, individually, and on behalf of all other similarly situated persons, requests that this Court grant the following relief in Plaintiffs' and the Collective Members' favor, and against Defendants:

A.  For the Court to declare and find that the Defendants committed one or more of the following acts:

    iii.  violated minimum wage provisions of the FLSA, 29 U.S.C. § 206, by failing to pay proper minimum wages;

    iv.  willfully violated minimum wage provisions of the FLSA, 29 U.S.C. § 206;

B.  For the Court to award compensatory damages, including liquidated damages pursuant to 29 U.S.C. § 216(b), in amounts to be determined at trial;

C.  For the Court to award prejudgment and post-judgment interest on any damages awarded;

D.  For the Court to award Plaintiffs' and the Collective Members' reasonable attorneys' fees and costs of the action pursuant to 29 U.S.C. § 216(b) and all other causes of action set forth in this Complaint;

E.  For the Court to provide reasonable incentive awards for each named Plaintiff to compensate them for the time they spent attempting to recover wages for the Collective Members and for the risks they took in doing so;

F.  Such other relief as this Court deems just and proper.

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

## COUNT THREE: FAIR LABOR STANDARDS ACT
## FAILURE TO PAY MINIMUM WAGE (UNPAID MEETINGS)

123.    Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

124.    Defendants engaged in the regular policy and practice of requiring Plaintiffs and the Collective Members to attend weekly, unpaid server meetings.

125.    Such conduct by Defendants brought necessarily brought Defendants' tipped employees'–including Plaintiffs' and the Collective Members'–wages below the applicable minimum wage, in violation of 29 U.S.C. § 206(a).

126.    In a given workweek, Defendants failed to pay Plaintiffs and the Collective Members one and one-half times the applicable minimum wage rate of pay for all hours worked.

127.    As a result of Defendants' willful failure to pay Plaintiffs and the Collective Members the applicable minimum wage rate for all hours worked in a given workweek, Defendants violated 29 U.S.C. § 206.

128.    As such, the full applicable minimum wage rate is owed for all hours that Plaintiffs and the Collective Members worked in a given workweek.

129.    The Defendants failed and/or refused to pay Plaintiffs and the Collective Members the full minimum wage according to the provisions of the FLSA for each and every workweek that Plaintiffs and the Collective Members worked for the Defendants, for the duration of their employment, in violation of 29 U.S.C. § 206(a).

130.    Defendants have and continue to willfully violate the FLSA by not paying Plaintiffs and the Collective Members a wage equal to the applicable minimum wage rate of pay for all time Plaintiffs and the Collective Members spent working for Defendants.

131.    Defendants knew that – or acted with reckless disregard as to whether – their failure to pay to Plaintiffs and the Collective Members the full minimum wage over the course of their employment would violate federal and state law, and Defendants were aware of the FLSA minimum wage requirements during Plaintiffs' and the Collective Members' employment.  As such, Defendants' conduct constitutes a willful violation of the FLSA.

132.    Plaintiffs and the Collective Members are therefore entitled to compensation for the difference between wages paid and the applicable minimum wage rate for all hours worked in a given workweek, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, costs, and reasonable attorney fees.

WHEREFORE, Plaintiffs, Nicole Wasilishin and Felicia Hunt, individually, and on behalf of all other similarly situated persons, requests that this Court grant the following relief in Plaintiffs' and the Collective Members' favor, and against Defendants:

A.      For the Court to declare and find that the Defendants committed one or more of the following acts:

v.      violated minimum wage provisions of the FLSA, 29 U.S.C. § 206, by failing to pay proper minimum wages;

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

-27-

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

vi.    willfully violated minimum wage provisions of the FLSA, 29 U.S.C. § 206;

B.    For the Court to award compensatory damages, including liquidated damages pursuant to 29 U.S.C. § 216(b), in amounts to be determined at trial;

C.    For the Court to award prejudgment and post-judgment interest on any damages awarded;

D.    For the Court to award Plaintiffs' and the Collective Members' reasonable attorneys' fees and costs of the action pursuant to 29 U.S.C. § 216(b) and all other causes of action set forth in this Complaint;

E.    For the Court to provide reasonable incentive awards for each named Plaintiff to compensate them for the time they spent attempting to recover wages for the Collective Members and for the risks they took in doing so;

F.    Such other relief as this Court deems just and proper.

## REQUEST FOR COLLECTIVE ACTION CERTIFICATION

Plaintiffs request that the Court designate this action as a collective action on behalf of the FLSA Collective Members and promptly issue a notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to timely assert FLSA claims in this action by filing individual Consent to Sue Forms pursuant to 29 U.S.C. § 216(b).

## JURY TRIAL DEMAND

Plaintiffs demand a trial by jury on all issues so triable.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

RESPECTFULLY SUBMITTED this 17th day of October, 2018.

BENDAU & BENDAU PLLC

By: /s/ *Clifford P. Bendau, II*
Clifford P. Bendau, II
Christopher J. Bendau
*Attorneys for Plaintiffs*